IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

```
LARRY RYAN WILLIAMS,            *
                                *
     Plaintiff,                 *
                                *
     v.                         *    CV 419-321
                                *
ANY AND ALL OFFICERS, AGENTS,   *
DEPARTMENTS, AND AGENCIES       *
INVOLVED,                       *
                                *
     Defendants.                *
```

## O R D E R

Plaintiff filed this lawsuit while incarcerated at Chatham County Jail. (Compl., Doc. No. 1, at 3.) Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in this case brought under 42 U.S.C. § 1983. (Doc. No. 3 (granting IFP status).) Because he is proceeding IFP, Plaintiff's pleadings must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (per curiam); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (per curiam); 28 U.S.C. § 1915A. A *pro se* litigant's pleadings are held to a more lenient standard than those drafted by an attorney, Erickson v. Pardus, 551 U.S. 89, 94 (2007), but the Court may dismiss the Complaint or any portion thereof if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). For the following reasons, Plaintiff's Complaint is dismissed.

## I. BACKGROUND

The Complaint and Amended Complaint[1] allege that certain law enforcement personnel violated Plaintiff's constitutional rights by sexually assaulting him and subjecting him to excessive force and an unreasonable search. (Doc. Nos. 1, 8.) Specifically, Plaintiff alleges that unspecified officers shot him with a rubber bullet and cavity searched him, all in front of other officers and co-defendants. (Id.) What neither complaint contains is any description of any defendant beyond that they "were police officials/agents of Chatham/metro police hired as Counter Narcotic Team Members (CNT)." (Am. Compl., Doc. No. 8, at 1.) The caption of both complaints list defendants as "Any and All Officers, Agents, Departments and Agencies Involved."

## II. DISCUSSION

As a general rule, fictitious party pleading is not permitted in federal courts. Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010). A limited exception to this rule is when the description of the defendant is "so specific as to be 'at the very worst, surplusage.'" Id. (quoting Dean v. Barber, 951 F.2d 1210, 1215-16 (11th Cir. 1992)). In Richardson, the Doe defendant was identified

---

[1] Plaintiff amended his Complaint as of right under Federal Rule of Civil Procedure 15(a)(1)(A). While incorporation by reference of the original Complaint into the Amended Complaint is generally not permitted, the Court is required to hold Plaintiff to the more lenient *pro se* standard. Consideration of both complaints does not change the outcome.

only as "Guard, Charlotte Correctional Institute." That was "insufficient to identify the defendant among the many guards employed at [the correctional institute], and the district court properly dismissed this claim." Id.

Plaintiff's complaint contains even fewer details than the complaint in Richardson. It names at best one law enforcement division.[2] It does nothing to specify within that division who might be a proper defendant. Therefore, Plaintiff's claims are dismissed.

### III. CONCLUSION

For the reasons explained above, Plaintiff has failed to raise any non-frivolous claims in his Complaint. Therefore, pursuant to 28 U.S.C. § 1915(e)(2)(B), **IT IS HEREBY ORDERED** that Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**. The **CLERK** is **DIRECTED** to **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 17th day of March, 2022.

_____
UNITED STATES DISTRICT JUDGE

---

[2] To the extent Plaintiff is trying to sue a police department or sheriff's office, those claims fail too. "Sheriff's departments and police departments are not usually considered legal entities subject to suit." Dean, 915 F.2d at 1214.

3